**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIE VICTORIA COLE,<br><br>           Plaintiff,<br><br>v.<br><br>COUNTY OF PASSAIC, PASSAIC COUNTY MOSQUITO CONTROL, TOWNSHIP OF WAYNE, JOSEPH PEZZILLO, ETERNAL PERROTTA, RALPH SHOWALTER, MARY ANN ORAPELLO, NANCY IMMEDIATO, GABRIELA DURAND,<br><br>           Defendants. | Civil Action No. 23-137 (SDW) (JSA)<br><br>**WHEREAS OPINION**<br><br>July 24, 2023 |

**WIGENTON**, District Judge.

**THIS MATTER** having come before this Court upon Defendants County of Passaic, Passaic County Mosquito Control, Township of Wayne, Joseph Pezzillo, Eternal Perrotta, Ralph Showalter, Mary Ann Orapello, Nancy Immediato, and Gabriela Durand's ("Defendants") Motions to Dismiss (D.E. 5, 6) *pro se* Plaintiff Marie Victoria Cole's ("Plaintiff") Complaint (D.E. 1) pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6);[1] and

---

[1] Defendants Township of Wayne, Mary Ann Orapello, Nancy Immediato, and Gabriela Durand (collectively, the "Wayne Defendants") move to dismiss the Complaint on the grounds that Plaintiff failed to plead an injury that resulted from an unconstitutional policy or custom which could arise a claim under 42 U.S.C. § 1983, insufficiently pleaded any action by Wayne Defendants giving rise to a legally cognizable claim, and failed to file a Tort Claims Notice within 90 days of the alleged loss as required for Plaintiff to assert the tort claims of trespass and damage to property.  (*See* D.E. 5-1.)  Defendants County of Passaic, Passaic County Mosquito Control, Joseph Pezzillo, Eternal Perrotta, and Ralph Showalter (collectively, the "Passaic Defendants") seek to dismiss the Complaint for lack of subject matter jurisdiction and failure to state a claim.  (*See* D.E. 6-2.)  Plaintiff has not filed an opposition to the motion to dismiss and the time in which to do so has expired.  *See* Local Civil Rule 7.1(d)(2).

1

**WHEREAS** in considering a motion to dismiss pursuant to Rule 12(b)(6), or a facial attack on subject matter jurisdiction pursuant to Rule 12(b)(1), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. Of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)); *Const. Party of Pennsylvania v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014).[2]  *Pro se* complaints are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quotation marks omitted); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.")  However, a *pro se* complaint must still comply with Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), that "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks and alterations omitted); *see Erickson*, 551 U.S. at 93–94; *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).  Factual allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).  The factual allegations in a complaint are generally accepted as true, but legal conclusions are not. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp.*, 550 U.S. at 555.  Determining whether the allegations in a complaint state a "plausible" claim for relief is "a context-specific task that requires

---

[2] The Passaic Defendants have not yet filed an Answer, so their motion to dismiss for lack of subject matter jurisdiction can only be construed as a facial attack on jurisdiction, which requires applying the Rule 12(b)(6) standard of review. *See Const. Party of Pennsylvania*, 757 F.3d at 358–59.

the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679; and

      **WHEREAS** Plaintiff is a resident of Wayne Township in Passaic County, New Jersey. (D.E. 1.)  She brings this action against Passaic County, the Township of Wayne, Passaic County's Mosquito Control division, and several individuals employed by the county and township in roles relating to mosquito control, health, and environmental health.  (D.E. 1 at 2–4.)  She alleges that a property was trespassed onto and broken into, and its locks were cut, leaving the property open to vandalism and theft.  (D.E. 1 at 6.)  She was "prohibited from using a city sewer even though the taxes were paid in full." (*Id*.)  Her property was the only one singled out and sprayed, against her wishes, for an alleged mosquito infestation, even though "neighboring properties could have been negligent" as well.  (*Id*.)  She also alleges that she was assaulted and violated physically, mentally, and emotionally, and that these actions were taken without any consideration of her age, gender, physical and emotional status, or her husband's status as an Agent Orange Vietnam Veteran.  (*Id*.) Plaintiff asserts that these actions violated federal law in that they (1) deprived her of rights under color of law, including rights under the First, Fourth, Fifth, and Fourteenth Amendments; and (2) violated her civil rights and amounted to abuse and discrimination based on her age, veteran or military status, disability, gender, and national origin.  (*Id*. at 5.)  She also alleges that these actions constituted trespass on private property, which is a state law claim.  (*Id*.); and

      **WHEREAS** this Court construes Plaintiff's constitutional claims as arising under 42 U.S.C. § 1983 and constituting a Fourth Amendment claim concerning unreasonable search or seizure, and a Fourteenth Amendment equal protection claim.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing that (1) she was deprived of "rights, privileges, or immunities" afforded her under the federal constitution or other federal law, and (2) "the conduct complained

of was committed by a person acting under color of state law." *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011); *see* 42 U.S.C. § 1983.  and

**WHEREAS** the Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. Amend IV.  Thus, to state a Fourth Amendment claim, a plaintiff must allege facts showing that (1) defendants actions constituted a "search" or "seizure" within the meaning of the Fourth Amendment, and (2) this search or seizure was "unreasonable." *Id.*; *see Lange v. California*, 141 S. Ct. 2011, 2017 (2021); *Brower v. Cnty. of Inyo*, 489 U.S. 593, 599 (1989) ("'Seizure' alone is not enough for § 1983 liability; the seizure must be 'unreasonable.'").  "An action is 'reasonable' under the Fourth Amendment, regardless of the individual [defendant's] state of mind, as long as the circumstances, viewed objectively, justify the action." *Brigham City, Utah v. Stuart*, 547 U.S. 398, 404 (2006) (quotation marks and alterations omitted); and

**WHEREAS**, to state a Fourteenth Amendment equal protection claim as a class of one, a plaintiff must allege facts showing that she was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *see Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 602 (2008).  Similarly, to state an equal protection claim based on selective enforcement, a plaintiff must allege facts showing that she was treated differently from others who are "similarly situated" and that this selective treatment was motivated by a "discriminatory purpose." *Jewish Home of E. PA v. Centers for Medicare & Medicaid Servs.*, 693 F.3d 359, 363 (3d Cir. 2012); and

**WHEREAS** the facts alleged in Plaintiff's *pro se* Complaint are insufficient to state a § 1983 claim upon which relief may be granted because they "do not permit [this Court] to infer more than the mere possibility" that Defendants violated her constitutional rights. *Ashcroft*, 556

U.S. at 679; *see* Fed. R. Civ. P. 8(a)(2); *see also Bell Atl. Corp.*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). Although Plaintiff's complaint contains legal conclusions, those are useless without facts to support them. *See Iqbal*, 556 U.S. at 678. Plaintiff fails to allege which defendants were responsible for which alleged wrongs, as required to give them fair notice of what her claims are. *See Bell Atl. Corp.*, 550 U.S. at 555; *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) ("[A] civil rights complaint is adequate where it states the conduct, time, place, and persons responsible.") Plaintiff fails to allege a Fourth Amendment claim because her extremely brief and vague description of the events does not depict any of the circumstances leading to her property being trespassed upon and sprayed, so this Court cannot possibly infer that any seizure of her property was unreasonable under the circumstances. As for her equal protection claim, Plaintiff fails to allege facts from which this Court could infer that she was treated differently from others who are similarly situated with no rational basis for that treatment. Plaintiff fails to show that anyone who was treated differently from her was similarly situated; she states that her property was the only one sprayed, but her only comparators are neighbors who "could have been negligent." (D.E. 1 at 6.) Plaintiff does not explain how her own negligence compared to these neighbors, or what relevance that has to the alleged violations of her rights; and

**WHEREAS**, given that Plaintiff does not sufficiently allege a violation of her constitutional rights, she necessarily fails to state a § 1983 claim and this Court need not address at this time whether the responsible actors acted "under color of state law." *Schneyder*, 653 F.3d at 319. The only other allegations in the Complaint that might give rise to a federal claim are Plaintiff's allegations that she was discriminated against based on her age, veteran or military status, disability, gender, and national origin. (D.E. 1 at 5.) However, Plaintiff gives no indication

5

of what her age, disability, and national origin are, and—as with her equal protection claim—she fails to allege any facts from which this Court could possibly infer that she was discriminated against because she does not clearly describe what happened or how anyone else who was similarly situated to her was treated differently; and

**WHEREAS**, given that Plaintiff has failed to state a claim arising under federal law and does not allege diversity jurisdiction (D.E. 1 at 5), this Court will not exercise supplemental jurisdiction over Plaintiff's state law tort claims—including allegations of trespass and assault—at this time. *See* 28 U.S.C. §§ 1331, 1367(a); therefore

Defendants' Motions to Dismiss are **GRANTED** and Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). An appropriate order follows.

                                                                  /s/ Susan D. Wigenton
                                        **SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk
cc:     Parties
        José R. Almonte, U.S.M.J.